**Don Michael DEVER, Petitioner,**

v.

**KANSAS STATE PENITENTIARY, et al., Respondents.**

No. 89–3180–S.

United States District Court, D. Kansas.

March 18, 1992.

---

Benjamin C. Wood, Overland Park, Kan., for petitioner.

John K. Bork, Office of Atty. Gen., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate serving a life sentence for murder, is incarcerated at the Lansing Correctional Facility, Lansing, Kansas. In this action, petitioner challenges his conviction and claims he was denied his constitutionally guaranteed right to effective assistance of counsel. Specifically, petitioner claims:

**498**

(1) counsel failed to investigate whether petitioner suffered from post-traumatic shock disorder (PTSD); (2) counsel failed to properly address issues of credibility, perjury, and conspiracy of witnesses; and (3) counsel failed to object to prosecutorial misconduct, including the introduction into evidence of statements made by petitioner in violation of *Miranda.*

### Factual Background

On May 7, 1981, petitioner was convicted of first degree murder in the shooting death of Charley Myers, aka Harley Charley. At trial, petitioner admitted to shooting Harley, but claimed he did so in self-defense. There was conflicting testimony between petitioner and a witness to the shooting concerning whether or not Harley was reaching for a gun at the time of the shooting. There was also testimony that Harley had threatened petitioner on several occasions and that petitioner had stated that someone needed to "take care of Harley." Following the shooting, petitioner, the eyewitness, and another individual drove the body to a neighboring county and disposed of it in an isolated field. The testimony was uncontroverted that the principal players in these events were involved together in the buying, selling and using of drugs.

Following his conviction and sentence, petitioner appealed to the Kansas Supreme Court which affirmed the trial court.

Petitioner then filed a post-conviction motion pursuant to K.S.A. 60–1507 seeking relief from judgment. The trial court construed the petition as a motion for a new trial based on newly discovered evidence, the PTSD defense. The trial court, however, denied the motion finding that the information on the disorder was available at the time of trial. The court then held an evidentiary hearing on petitioner's claim that counsel was ineffective for failing to use the PTSD defense and denied relief. The Kansas Court of Appeals affirmed.

Petitioner then filed this action claiming ineffective assistance of counsel.

Having reviewed the record in this matter, the court makes the following findings and order.

### Discussion

To establish his claim of ineffective assistance of counsel, petitioner must meet the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two part *Strickland* test requires (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Under *Strickland,* the defendant bears the burden to establish both incompetence and prejudice, and there is a presumption that the attorney's conduct comes within the "wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

In addition, "judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Until 1980, the American Psychiatric Association did not identify PTSD in its Diagnostic and Statistical Manual of Mental Disorders. The disorder is classified as an anxiety disorder which may be suffered following a traumatic event which is outside the normal realm of human experience. These stressor events include both natural and human-made disasters such as tornados, floods, military combat, rape and death camps. Some symptoms of PTSD include: recollections of the event, recurring dreams of the event, sleeplessness, hyperactivity, startle response, and a dissociative state. *State v. DeMoss,* 244 Kan. 387, 770 P.2d 441, 444 (1989).

At the time of petitioner's trial, the Association had not yet titled and classified PTSD in it disorder manual. However, cases appeared in legal reporters which discussed and addressed the effects of the Vietnam War on defendants' criminal behavior. See *Houston v. State,* 602 P.2d

784 (Alaska 1979); *People v. Lisnow*, 88 Cal.App.3d Supp. 21, 151 Cal.Rptr. 621 (1978). In October 1980, the Veterans' Administration recognized PTSD as a treatable disorder. *Louisiana v. Serrato*, 424 So.2d 214 (La.1982).

Petitioner claims counsel did not properly or thoroughly investigate his claim of PTSD in 1981. Petitioner further claims this failure resulted in him receiving less than the constitutionally guaranteed effective assistance of counsel.

During testimony before the trial court at petitioner's hearing on his motion pursuant to K.S.A. 60–1507, counsel stated that he believed, and petitioner agreed, that self-defense was their best defense. Counsel questioned petitioner about an insanity defense and petitioner flatly refused. In addition, petitioner adamantly demanded to testify on his own behalf. Counsel, nonetheless, arranged for a competency evaluation. When the report indicated petitioner was competent to stand trial, counsel secured, with petitioner's permission, all medical records from the Veteran's Administration Hospital and spoke with at least two doctors from the VA concerning petitioner. The record clearly shows that no diagnosis of PTSD had ever been made in petitioner's case.

There is evidence that VA personnel supplied petitioner or counsel with a pamphlet which discussed PTSD. Whether that pamphlet was available prior to trial was controverted. Regardless of when the pamphlet was available, it is clear that counsel considered what defenses were best in this situation and, with the petitioner, made a tactical choice to pursue a theory of self-defense, thereby honoring petitioner's wish to testify on his own behalf that he feared for his life and shot Harley in self-defense.

■ Strategic choices of attorneys are given great deference. The court will not question the sound tactical decisions of trial attorneys. *High v. Kemp*, 819 F.2d 988

(11th Cir.1987), *cert. denied* 492 U.S. 926, 109 S.Ct. 3264, 106 L.Ed.2d 609, *reh. denied* 492 U.S. 937, 110 S.Ct. 23, 106 L.Ed.2d 635 (1988). Here both petitioner and counsel testified that petitioner did not wish to pursue an insanity defense and that both agreed self-defense was a better choice. Counsel also testified that he believed that a defense based on diminished mental ability and one of self-defense were basically incompatible.

Recent developments in the law suggest that PTSD evidence and self-defense may be consistently combined.[1] However, based on the state of the law at the time, without the benefit of hindsight that *Strickland* prevents reviewing courts from using, this court cannot find counsel's tactical decisions fell below the applicable standard.

The court notes that a trial court's finding of ineffective assistance of counsel was affirmed by the Fifth Circuit Court of Appeals in a case involving PTSD. *Bouchillon v. Collins*, 907 F.2d 589 (5th Cir.1990). However, *Bouchillon* is factually distinguishable. In that case, petitioner told counsel that he had mental problems, that he had been institutionalized and that he was on medication. In spite of this, counsel did not investigate, did not seek medical records, did not talk to anyone concerning petitioner's mental problems and did not arrange for a competency determination.

In the case before this court, counsel thoroughly discussed the issues with petitioner, arranged a competency hearing, sought medical record and advice. Petitioner has failed to meet the burden placed on him by *Strickland*.

■ Petitioner next claims that counsel failed in his questioning of witnesses concerning conspiracy, perjury and credibility. The court first notes that petitioner's claims of perjury and conspiracy came after the fact. The record contains nothing but petitioner's bald assertions that counsel knew of a conspiracy and perjured testimo-

1. See *U.S. v. Simmonds*, 931 F.2d 685 (10th Cir.), *cert. denied* — U.S. —, 112 S.Ct. 129, 116 L.Ed.2d 97 (1991) where defendant's theory of self-defense was predicated on his claim that he suffered from PTSD. The evidence of PTSD was used only as a justification for defendant's actions and not as evidence that the disorder negated his ability to form the requisite intent to commit the assault on correctional officers.

ny at the time of trial. This court's reading of the record leads to the conclusion that counsel vigorously cross-examined the state's witnesses, effectively brought their credibility into question, and carefully and skillfully built petitioner's case for self-defense on direct examination. Petitioner has failed to show errors of the magnitude to invoke reversal under *Strickland.*

Petitioner's final claim is that trial counsel failed to object to the prosecutor's introduction of a statement attributed to petitioner after he had invoked his rights under *Miranda* and that counsel failed to object to the intentional arrest of petitioner's father which prejudiced petitioner. As to the latter, petitioner's allegations are simply conclusory and are not based on facts in the record.

During the state's cross-examination of petitioner, petitioner was asked whether he had made derogatory remarks about Harley to the arresting police officers. Petitioner denied making the remarks. Counsel did not object to the questions. Later on rebuttal, the prosecutor attempted to elicit testimony from a police officer that petitioner had made the remarks. Testimony was, however, halted and a *Jackson v. Denno* hearing was conducted. Counsel's objection to the statement was sustained and the trial court refused to let the officer testify to the remarks.

Petitioner claims counsel's failure to object amounts to error requiring reversal. The court does not agree. Petitioner has failed to show that his attorney's performance fell below an objective standard of reasonableness and that except for his attorney's unprofessional error, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

IT IS THEREFORE BY THE COURT ORDERED the petition for writ of habeas corpus is denied.