Don Michael **DEVER**, Petitioner–Appellant,

v.

**KANSAS STATE PENITENTIARY**, the State of Kansas, Attorney General of Kansas, Respondents–Appellees.

No. 92–3412.

United States Court of Appeals, Tenth Circuit.

Oct. 11, 1994.

---

Benjamin C. Wood, Lawrence, KS, for petitioner-appellant.

John K. Bork, Topeka, KS, for respondents-appellees.

Before LOGAN and MOORE, Circuit Judges, and KANE, Senior District Judge.*

KANE, Senior District Judge.

This appeal is from a decision of the United States District Court for the District of Kansas denying Don Michael Dever's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, 788 F.Supp. 496. Dever, a Vietnam veteran, contends the district court erred in finding he was not denied the effective assistance of counsel without conducting an evidentiary hearing. Respondents are the Kansas State Penitentiary and the Attorney General of Kansas.

Dever claims counsel was ineffective because he failed to: 1) object to prosecutorial misconduct, including the introduction into evidence of statements made by Dever in violation of *Miranda;* 2) properly address issues of credibility, perjury, and conspiracy of witnesses; and 3) investigate whether Dever suffered post traumatic stress disorder ("PTSD"). We hold an evidentiary hearing was neither required nor necessary and Dever has failed to show his counsel's performance requires reversal. Therefore, we affirm.

* The Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation.

## I. *Background.*

Dever shot and killed Charles S. Myers, a/k/a, Harley Charlie, at a farmhouse near Lawrence, Kansas on October 19, 1980. Dever and certain accomplices transported Myers' body to an area near Perry, Kansas, where they hid it in a field. Dever and Myers were known to be involved in drug trafficking, and on many occasions before the shooting, had confronted one another. Occasionally, they displayed weapons and exchanged verbal threats and obscenities.

On the day of the shooting, Dever and Myers were at a farmhouse near Lawrence. Freddy Funk, a mutual friend, told Dever that Myers wanted him to go into the farmhouse. Dever entered and saw Myers pick up his weapon, a .38 revolver. In response, Dever produced his AR–15 rifle. Myers placed his revolver within reach on the table in front of him. Dever sat in a chair four feet away from Myers with his rifle resting across the arms of the chair. Dever contends Myers reached for his revolver and Dever, in self-defense, shot and killed him.

At the trial, Dever claimed Myers was reaching for his revolver; Funk stated he was not. Funk, however, had made out of court statements consistent with Dever's version. Additionally, other testimony disclosed that Myers had made several threats to Dever and that Dever had stated someone needed to "take care of Myers".

The jury found Dever guilty of first degree murder on May 7, 1981. Dever appealed the conviction to the Kansas Supreme Court. His conviction was affirmed. On June 5, 1985, in state district court, Dever filed a petition for a writ of habeas corpus pursuant to Kan.Stat.Ann. § 60–1507 (1983), claiming that his constitutional rights were violated because the issue of post traumatic stress disorder ("PTSD"), originating from his Vietnam experience, was not raised at trial.

On April 29, 1986, the state district court interpreted the petition as a motion for a new trial. The court denied relief on all other issues raised and conducted an evidentiary hearing on the issue of ineffective assistance of counsel, on July 9, 1986. Dever's trial counsel testified he believed self-defense was the best defense after he had explored with Dever the possible defenses of insanity, lack of capacity, and diminished capacity. Further, trial counsel related he had obtained Dever's records from the Veteran's Administration Hospital, investigated the PTSD defense and whether Dever suffered from PTSD. The trial court found Dever was adequately represented at his criminal trial and denied relief. A petition to reconsider was denied on August 18, 1986.

On July 16, 1987, the Kansas Court of Appeals affirmed the trial court's decision in an unpublished opinion (No. 59,950) 761 P.2d 1280. On October 6, 1987, the Kansas Supreme Court denied Dever's petition for review. Dever then filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. On March 16, 1992, the district court denied all relief. Dever filed this appeal pursuant to 28 U.S.C. § 2253.

## II. *Exhaustion of State Remedies.*

A state prisoner is ordinarily not able to obtain federal habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b); *see* 17 A Charles A. Wright et al. *Federal Practice and Procedure* § 4264 at 334 (1988). The exhaustion doctrine is " 'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.' " *Harris v. Champion,* 15 F.3d 1538, 1554 (10th Cir.1994) (quoting *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)).

The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack. Charles A. Wright et al., *supra* § 4264.1 at 341. The exhaustion requirement is satisfied if the highest court exercises discretion not to review the case. *Leroy v. Marshall,* 757 F.2d 94, 97 (6th Cir.),

*cert. denied,* 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985); Charles A. Wright et al., *supra* § 4264.1 at 344–45.

■ Here, Dever filed a petition for writ of habeas corpus pursuant to Kan.Sta.Ann. § 60–1507 (1983) which was denied by the state district court. After the Kansas Court of Appeals affirmed, Dever petitioned the Kansas Supreme Court for review. The petition was denied. Accordingly, before seeking habeas relief in federal court, Dever exhausted the remedies available to him in the Kansas state courts.

### III. *Request for Evidentiary Hearing.*

■ Dever first contends the district court erred in finding he was not denied effective assistance of counsel without conducting an evidentiary hearing. A federal court is required to hold an evidentiary hearing where the facts are in dispute if the applicant did not receive a full and fair evidentiary hearing in state court. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963). The issue of whether a hearing is required or merely discretionary is essentially a question of due process. Whether Dever's right to due process was violated is a mixed question of law and fact. *Case v. Mondragon,* 887 F.2d 1388, 1393 (10th Cir.1989), *cert. denied,* 494 U.S. 1035, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990). Legal conclusions and mixed questions of law and fact are reviewed *de novo* in a federal habeas proceeding. *Id.* Where an evidentiary hearing is not mandatory, however, such hearing is discretionary with the district court and its determination is reviewable for abuse of discretion. *Hakeem v. Beyer,* 990 F.2d 750, 758 (3d Cir.1993). *See also Moore v. United States,* 950 F.2d 656, 659 (10th

Cir.1991) (failure to hold hearing reviewed for abuse of discretion).

The issue of whether due process requires a trial court to provide an applicant with an evidentiary hearing in a federal habeas proceeding was addressed in *Townsend v. Sain,* 372 U.S. at 312–18, 83 S.Ct. at 756–60. The Court stated "[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." *Id.* at 312, 83 S.Ct. at 757. The court then particularized its standard, holding that a federal court must grant an evidentiary hearing in any of the following circumstances:

> If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

*Id.* at 313, 83 S.Ct. at 757.

■ The 1966 amendment to 28 U.S.C. § 2254 essentially codifies this standard and lists eight circumstances under which the state's findings of fact are not entitled to the usual presumption of correctness, thus requiring the district court to hold an evidentiary hearing.[1] *See Maxwell v. Turner,* 411

---

1. The circumstances listed are as follows:

   (1) that the merits of the factual dispute were not resolved in the State court hearing;
   (2) that the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing;
   (3) that the material facts were not adequately developed at the State court hearing;
   (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;
   (5) that the applicant was an indigent and the State court, in deprivation of his constitutional

right, failed to appoint counsel to represent him in the State court proceeding;
   (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or
   (7) that the applicant was otherwise denied due process of law in the State court proceeding;
   (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of evidence to support such factual determina-

F.2d 805, 807 (10th Cir.1969). Whether an evidentiary hearing is required in a habeas corpus action pursuant to 28 U.S.C. § 2254 is a question of federal law. *See Toler v. Wyrick,* 563 F.2d 372, 374 n. 2 (8th Cir.1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978). The 1966 amendment indicates the federal district court need not hold an evidentiary hearing if the hearing in the state court was adequate to develop the facts. *Maxwell,* 411 F.2d at 807.

Dever contends three of the circumstances identified in *Townsend* and in the 1966 amendment are present: He maintains certain factual disputes were not resolved in the state hearing, material facts were not developed in the state court hearing, and the state court did not afford Dever a full and fair hearing.

He contends the factual disputes not reached in the state court proceedings were whether his trial counsel ever spoke to a mental health professional regarding PTSD as an aspect of his defense of self-defense, knew that a competency evaluation was not a substitute for a psychological evaluation, and had some tactical reason for not objecting to damaging statements taken in violation of *Miranda.* Finally, Dever maintains an evidentiary hearing should be held in the federal district court based on his belief that his trial counsel did not adequately develop the material facts because he failed to address the discrepancies between Freddy Funk's statements in and out of court.

■ For an evidentiary hearing to be required, the evidence sought to be introduced must be material to the issue in question and must have been inadequately developed in state court for reasons not attributable to petitioner's inexcusable neglect. *Spitzweiser–Wittgentstein v. Newton,* 978 F.2d 1195, 1196 (10th Cir.1992). Respondents maintain Dever had adequate time to bring up the alleged factual disputes at the state court hearing, but failed to do so through neglect and that he should now be estopped from introducing facts not addressed at the first hearing. They cite *Griffin v. Wainright,* 760 F.2d 1505, 1516 (11th Cir.1985), which held in order to receive an evidentiary hearing based on the allegation that material facts were not developed, a petitioner must show: 1) a fact pertaining to his federal constitutional claim was not adequately developed in the state court hearing and the fact was material or "crucial to a fair, rounded development of the material facts," and 2) the failure to develop the material fact at the state court level was not attributable to the petitioner's inexcusable neglect or deliberate bypass.

■ The material facts at issue here were absent due to Dever's counsel's tactical decision, rather than neglect or deliberate bypass. The 28 U.S.C. § 2254(d) requirements for an evidentiary hearing were not met. Appellant has not shown factual disputes were not adequately resolved in the state hearing. The state court afforded him a full and fair hearing, the PTSD defense was not newly discovered evidence, and the material facts were adequately developed at the state court hearing. An evidentiary hearing was neither mandated nor necessary.

## IV.  *Claim of Ineffective Counsel.*

■ A challenge to a state conviction based on ineffective assistance of counsel is a mixed question of fact and law and therefore subject to *de novo* review. *Case v. Mondragon,* 887 F.2d 1388, 1393 (10th Cir.1989), *cert. denied,* 494 U.S. 1035, 110 S.Ct. 1490, 108 L.Ed.2d 626 (1990). "No presumption of correctness attaches to legal conclusions or determinations on mixed questions of law and fact." *Id.* A state court's factual findings made in the course of its determination, however, are subject to the deference requirements of 28 U.S.C. § 2254(d). *Id.* at 1392.

A two part test for a showing of ineffective assistance of counsel so as to require the reversal of a conviction was set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First defendant must show counsel's errors were so serious that counsel "was not func-

---

tion, is produced as provided for hereinafter, and the Federal court on a consolidation of such part of the record as a whole concludes

that such factual determination is not fairly supported by the record.
28 U.S.C. § 2254(d).

tioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, defendant must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. A fair assessment of attorney performance requires every effort be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* It is inherently difficult to make the evaluation of ineffective counsel; therefore, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

When a court decides a claim of ineffective assistance of counsel, the reasonableness of counsel's challenged conduct must be viewed as of the time of the conduct. *Id.* at 690, 104 S.Ct. at 2066. The convicted defendant making such a claim must identify the acts or omissions alleged not to have been the result of reasonable professional judgment. *Id.* The question is whether the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.*

Neither hindsight nor success is the measure. *Ellis v. Oklahoma,* 430 F.2d 1352, 1356 (10th Cir.1970), *cert. denied,* 401 U.S. 1010, 91 S.Ct. 1260, 28 L.Ed.2d 546 (1971). Effective assistance does not mean victorious or flawless counsel. *Brady v. United States,* 433 F.2d 924, 925 (10th Cir. 1970). To be ineffective, the representation must have been such as to make the trial a mockery, sham, or farce, or resulted in the deprivation of constitutional rights. *Lorraine v. United States,* 444 F.2d 1, 2 (10th Cir.1971).

Dever maintains if trial counsel had investigated, he would have discovered PTSD is relevant to the issue of self-defense. He relies on *Beavers v. Balkcom,* 636 F.2d 114, 116 (5th Cir.1981) to support his contention that a tactical choice not to pursue one course or another should not be confused with the duty to investigate. *Beavers,* however, is not applicable. Here, counsel conducted an investigation at the Veteran's Administration Hospital, discussed hospital records with a psychologist and psychiatrist, and concluded Dever had never been diagnosed with PTSD and that raising the issue would be inadvisable.

The state district court's finding that counsel thoroughly discussed the issues with Dever, arranged a competency hearing, investigated medical records and obtained medical advice from the psychiatrist and psychologist is firmly based. We conclude Dever has failed to show his counsel erred in his performance so as to prejudice him as required by *Strickland.*

Dever further alleges counsel was ineffective for not objecting to statements allegedly taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 444–45, 86 S.Ct. 1602, 1612–13, 16 L.Ed.2d 694 (1966). Dever argues the prosecutor, in cross-examining him at trial, asked whether he made derogatory remarks about Myers to his arresting officer. Dever's counsel did not object to the questions. Dever denied making the remarks. Later, on rebuttal, the prosecutor asked a police officer whether Dever had made such remarks to him. Testimony was halted and at a hearing outside the presence of the jury, Dever's counsel objected to the testimony. The judge did not allow the police officer to testify as to Dever's remarks. Even so, Dever contends trial counsel's failure to object to cross-examination of him concerning statements taken in violation of *Miranda* fell below the *Strickland* standard.

The district court correctly found that Dever did not show counsel's failure to object met the standard of error contemplated and, but for such error, there was a reasonable probability that the outcome would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Even if Dever's counsel erred in not objecting, the testimony was not highly prejudicial because it was unrebutted

and other evidence offered, including Dever's testimony that Myers had pulled a gun on him, showed Dever and Myers had mutual ill feelings.

■ Dever next argues trial counsel failed to present evidence that the State's chief witness, Freddy Funk, committed perjury when he testified Dever shot Myers when Myers was not reaching for his revolver. Dever refers to a sworn statement of Joyce Shuman, a defense witness, to the effect that she had been told by Funk before trial that he had seen Myers reaching for his revolver and that Dever shot him in self-defense. The sworn statement of Shuman was never presented to any state court, however, and she had never been examined about it. The statement should have been presented at the state court evidentiary hearing. The district court correctly concluded counsel could not be held ineffective for objecting to something of which he had no knowledge and that petitioner's claim of perjury and conspiracy came after the fact. We agree. Dever's allegations in this regard do not warrant reversal of his conviction.

### V. *Conclusion.*

An evidentiary hearing in the federal district court was neither required nor necessary. Moreover, Dever has failed to show his counsel's performance requires reversal. Affirmed.