UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 8/30/96**

LAWRENCE RAYMOND SILVER,

      Petitioner - Appellant,

vs.

STEVE HARGETT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 95-7146
(D.C. No. CV-94-563)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY and LUCERO, Circuit Judges.[**]

Mr. Silver, an inmate appearing pro se, appeals from the denial of his habeas

petition. We exercise jurisdiction under 28 U.S.C. §1291 and affirm.

In his petition, Mr. Silver contends that recanted testimony constitutes newly

discovered evidence constitutionally requiring an evidentiary hearing and appointment of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

counsel. He claims that the district court erred in dismissing his petition by failing to assess it under the standard announced in Schlup v. Delo, 115 S. Ct. 851 (1995), a question of law that we review de novo, Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993). In Schlup, the Supreme Court held that the district court cannot reach the merits of a procedurally barred habeas petition of a prisoner sentenced to death absent a showing of a fundamental miscarriage of justice that "probably resulted in the conviction of one who is actually innocent." 115 S. Ct. at 867. Schlup simply is inapplicable to Mr. Silver's petition because the petition does not involve a procedural bar.

Moreover, the district court correctly denied Mr. Silver an evidentiary hearing. A federal court must grant an evidentiary hearing only if the habeas petitioner did not receive a full and fair hearing in a state court on the matter sought to be raised in the habeas petition, Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1535 (10th Cir. 1994), or when a habeas petition alleges newly discovered evidence that affects the constitutionality of the applicant's detention, Townsend v. Sain, 372 U.S. 293, 317 (1963). In habeas proceedings, the district court must apply a presumption of correctness to the factual findings of the state court unless the petitioner can show otherwise by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The credibility of a witness is an issue of fact. Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989), cert. denied, 494 U.S. 1035 (1990). The Oklahoma district court found that the recantation of testimony against Mr. Silver, which occurred ten years after the trial and after Mr. Silver

confronted the witness in prison, was not credible and had no bearing on the verdict. The Oklahoma Court of Criminal Appeals affirmed. These findings are presumed correct, 28 U.S.C. § 2254(e)(1), and Mr. Silver offers no evidence to the contrary that either implicates the constitutionality of his conviction or suggests that the matter in his petition did not receive a full and fair hearing in state court.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge