**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CARL R. JOHNSON,

Petitioner-Appellant,

v.

MIKE NELSON; ATTORNEY
GENERAL OF KANSAS,

Respondents-Appellees.

No. 96-3257
(D.C. No. 92-3315-DES)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before KELLY and HENRY, Circuit Judges, and DOWNES,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

Petitioner Carl R. Johnson appeals the district court's decision to deny him an evidentiary hearing on his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, alleging ineffective assistance of trial and appellate counsel in his state court criminal case. He has applied for a certificate of appealability, as required by 28 U.S.C. § 2253(c). We deny the certificate and dismiss the appeal.

After his conviction, petitioner sought relief from the Kansas state courts. The Kansas appellate court remanded the case for a hearing on petitioner's claim of ineffective assistance of counsel. A state court hearing was held, but petitioner declined to present any evidence, apparently believing that he would jeopardize federal review of his claims if he did so. In disposing of his habeas petition, the federal district court held that petitioner had procedurally defaulted his claims of ineffective assistance of counsel.

A federal district court is required to hold a hearing only when "the evidence sought to be introduced [is] material to the issue in question and [was] inadequately developed in state court for reasons not attributable to petitioner's inexcusable neglect." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1536 (10th Cir. 1994); see also Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997) (federal court evidentiary hearing not required where petitioner failed to seek a hearing in state habeas proceeding). If a hearing is not mandatory, the decision to deny a hearing is reviewed for an abuse of discretion. Dever, 36 F.3d at 1535.

Federal habeas review is barred where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," unless he can demonstrate cause and prejudice, or a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). Here, petitioner's failure to participate in the state court hearing constituted independent and adequate grounds to deny him relief on his ineffective assistance of counsel claims. He has not attempted to demonstrate cause and prejudice or a miscarriage of justice. Consequently, review of his claims on the merits is unavailable. Therefore, the federal district court did not abuse its discretion in denying petitioner's request for a hearing. Petitioner's application for a certificate of appealability is denied.

APPEAL DISMISSED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge