F I L E D
United States Court of Appeals
Tenth Circuit

OCT 1 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

HANS G. PRESSEL,

      Petitioner-Appellant,

v.

MARK MCKINNA and the,
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 97-1204

(D.C. No. 96-Z-2474)
(D.Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

Petitioner, appearing pro se, appeals the dismissal without prejudice of his petition

for a writ of habeas corpus under 28 U.S.C. § 2254. Our jurisdiction arises under 28

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

U.S.C. § 2253. We grant petitioner's application for a certificate of appealability and affirm. 28 U.S.C. § 2253(c).

Petitioner pleaded guilty to theft and is currently serving an eight-year sentence in Colorado state prison. Petitioner appealed his sentence to the Colorado court of appeals. The court of appeals affirmed his sentence, and petitioner did not file a petition for certiorari to the Colorado Supreme Court. In August 1996, petitioner filed a motion for post-conviction relief which the trial court subsequently denied. Petitioner did not appeal the denial. On October 24, 1996, petitioner filed his petition for a writ of habeas corpus in the district court. As grounds for relief, petitioner claims that (1) there was insufficient evidence to support his conviction; (2) his guilty plea was involuntary; (3) he received ineffective assistance of counsel; and (4) he was subject to cruel and unusual punishment. The district court referred the matter to a magistrate judge for recommendation. The district court adopted the magistrate judge's recommendation and dismissed the petition without prejudice for failure to exhaust state remedies.

We have reviewed petitioner's brief and the entire record before us and agree with the decision of the district court. A state prisoner, absent exceptional circumstances, may not obtain federal habeas corpus relief unless all available and adequate state court remedies have been exhausted. Rose v. Lundy, 455 U.S. 509, 515 (1982); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied if the issue has been presented to the highest state court, either by

2

direct review or in a post-conviction motion.  <u>Dever</u>, 36 F.3d at 1535.  In this case, as outlined above, petitioner failed to exhaust his state court remedies.  Accordingly, the judgment of the district court is

AFFIRMED.


Entered for the Court,


Bobby R. Baldock
Circuit Judge