F I L E D
United States Court of Appeals
Tenth Circuit

JAN 30 2002

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WILLIAM G. McMILLAN,

Petitioner-Appellant,

v.

GARY GIBSON, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 01-7066

(E.D. Oklahoma)

(D.C. No. 98-CV-246-S)

ORDER AND JUDGMENT  *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  See Fed. R. App. P. 34(a)(2).  The case is, therefore, ordered

submitted without oral argument.

William G. McMillan, a state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254

---

*  This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus petition. For the reasons stated below, we deny a COA and dismiss the appeal.

Mr. McMillan was convicted in Oklahoma state court for assault and battery with a deadly weapon, after former conviction of two or more felonies (count I); assault with a dangerous weapon, after former conviction of two or more felonies (count II); larceny of an automobile, after former conviction for two or more felonies (count III); escape from county jail (count IV); and conspiracy to commit a felony (count V). In his habeas petition before the district court, Mr. McMillan raised thirteen instances of error. The matter was referred to a magistrate judge, who recommended that the petition be dismissed. The district court adopted the findings of the magistrate judge and dismissed Mr. McMillan's petition.

On appeal, Mr. McMillan raises five "challenges": (1) any exhaustion requirement should be excused; (2) actual innocence of the former convictions used to enhance his sentence; (3) denial of due process during his trial; (4) ineffective assistance of trial counsel; and (5) ineffective assistance of appellate counsel. Aplt's Br. at 2.

As to Mr. McMillan's first three challenges, the magistrate judge correctly determined that he could not consider those issues in a federal habeas proceeding because the Oklahoma Court of Criminal Appeals ("OCCA") had not yet had the

opportunity to address them.  Mr. McMillan failed to present these issues in either his direct appeal or in his appeal of the denial of his post-conviction proceeding before the OCCA.  See Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.").  However, because the OCCA would hold these claims procedurally barred, the magistrate judge noted any opportunity to obtain redress in state court was rendered "futile," and as such, "the claims are deemed to be exhausted for purposes of habeas corpus review."  Rec. vol. II, doc. 46, at 4; Coleman v. Thompson, 501 U.S. 722, 732 (1991).  The magistrate judge next concluded Mr. McMillan's procedural default was not excused via the demonstration of either (1) cause and prejudice for his failure, or (2) a fundamental miscarriage of justice.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

The magistrate judge carefully considered, on the merits, Mr. McMillan's claims of error regarding ineffective assistance of counsel.  A federal court is precluded from granting habeas relief unless the state court proceeding (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

-3-

Court"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In addition, a federal court "presume[s] that] the factual findings of the state court are correct unless [the] petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999).

Mr. McMillan maintained that trial counsel failed to advise him of his rights, consult with him, or call certain witnesses. He contends that his appellate counsel failed to consult with him before filing the appeal or to include unspecified arguments in his appellate brief. The magistrate judge determined, however, that Mr. McMillan could not establish prejudice under Strickland v. Washington, 466 U.S. 668 (1984), as to the ineffective assistance of trial counsel claim. See Rec. vol. II, doc. 46, at 6-7. Similarly, the magistrate judge found that the OCCA correctly applied the Strickland test to Mr. McMillan's ineffective assistance of appellate counsel challenge. See id. at 10. The magistrate judge thus denied relief on these claims.

We have reviewed the request for a COA, Mr. McMillan's appellate brief, the magistrate judge's recommendation, the district court's order, and the entire record before us. Our review demonstrates that Mr. McMillan's § 2254 petition is not deserving of further proceedings, debatable among jurists of reason, or subject

to different resolution on appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Therefore, Mr. McMillan's request for a COA is denied for substantially those reasons set forth in the magistrate judge's thoughtful and thorough Findings and Recommendation, and this appeal is dismissed.

Entered for the Court,

Robert H. Henry
Circuit Judge