**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERRY F. WALLING,

          Petitioner - Appellant,

v.

DAVID R. McKUNE, Warden,
Superintendent, Jailor or Authorized
Person having custody of petitioner;
CARLA STOVALL, Attorney
General of Kansas,

          Respondents - Appellees.

No. 01-3261
(D.C. No. 00-CV-3176-DES)
(D. Kansas)

**ORDER AND JUDGMENT**   *

Before **SEYMOUR** , **PORFILIO** , and **O'BRIEN** , Circuit Judges.

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Terry F. Walling, a Kansas inmate appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a COA). Because Walling has not demonstrated "a substantial showing of the denial of a constitutional right," this court denies his request and dismisses this appeal. *Id.* § 2253(c)(2).

In January 1985, Walling pled no contest to three counts of rape and was subsequently sentenced to a prison term of twenty years to life. In November 1995, Walling filed a motion to withdraw his plea and set aside the conviction in the state district court. In his motion, Walling argued that (1) the state withheld exculpatory evidence from him; (2) he was denied his right to psychiatric expert testimony; (3) the district court erred by allowing him to waive his right to a speedy trial; and (4) ineffective assistance of counsel. That motion was construed as a petition for habeas corpus filed pursuant to Kan. Stat. Ann. § 60-1507, and was ultimately denied in January 1998.

On direct appeal, Walling alleged that (1) his plea was neither knowing nor voluntary because his trial counsel failed to investigate the facts and evidence prior to advising Walling about entering his plea; and (2) the district court erred

by denying Walling's motion for expert testimony in the field of mental health, thus depriving him of a fair opportunity to present his claims in district court. [1] The Kansas Court of Appeals found no merit to either argument and affirmed the state district court in February 2000. Raising the same two issues from his direct appeal, Walling filed a petition for review with the Kansas Supreme Court; however, that court declined review.

In May 2000, Walling filed the instant application for federal habeas relief, [2] presenting five claims of error concerning his plea. In addition to the two claims presented to the Kansas Court of Appeals and Kansas Supreme Court, Walling also alleged that (1) he was denied a right to an independent psychiatric examination; (2) the district court erred by allowing him to waive his right to a speedy trial; and (3) the state withheld exculpatory evidence from him. The district court found that Walling failed to exhaust these three claims when he omitted them in his appeal from the state district court's adverse ruling. The court concluded, however, that because these unexhausted claims would be

---

[1]    The statement of issues presented to the Kansas Court of Appeals includes issues raised in Walling's opening brief filed by the State Assistant Appellate Defender, as well as his supplemental brief filed by private counsel. As noted by the district court, the Kansas Court of Appeals limited its discussion to these two issues.

[2]    Walling initially filed an application for federal habeas relief on June 13, 1994. The district court dismissed that habeas action without prejudice because it contained unexhausted state claims.

-3-

procedurally barred from post-conviction review under Kansas law, they be deemed exhausted and thus procedurally barred for purposes of federal habeas review pursuant to *Coleman v. Thompson*, 501 U.S. 722, 735 n.* (1991). The court further found that Walling had shown neither cause for the default or prejudice in his case, nor any fundamental miscarriage of justice. The court evaluated Walling's two remaining and fully exhausted claims and found them without merit.

As noted above, to obtain a COA, Walling must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on the merits of the constitutional claims, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court denies a petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In light of these governing legal standards, we have conducted a comprehensive de novo review of Walling's request for COA and accompanying brief, the district court's memorandum and order, and the entire record on appeal. Based on this review, and for substantially the reasons stated by the district court in its memorandum and order dated July 26, 2001, we conclude that Walling has

not shown his habeas petition is deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See id.*[3]

Walling's request for a COA is DENIED. The appeal is DISMISSED.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[3] We note only that Walling's reliance on his pro se brief and oral argument before the Kansas Court of Appeals as a basis for showing exhaustion of the three defaulted claims is misplaced. As the district court observed, Walling's pro se brief was placed in the appellate court's "hold file" but was never accepted or considered in his appeal due to its length. Moreover, the record contains no transcript of the appellate hearing or any other evidence showing that Walling orally argued the defaulted claims in the state appellate court. We are left with Walling's unsubstantiated allegations that he exhausted his claims. Without more, we conclude that the only issues properly presented for state review were those briefed by Walling's counsel before the state's appellate and supreme court. *See Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). We further note that, as in the district court, Walling has not presented any arguments demonstrating either cause for the default and actual prejudice, or a fundamental miscarriage of justice in his case. *See Coleman,* 501 U.S. at 750.

Moreover, we disagree with Walling's previous counsel's assessment that the three defaulted claims are subsumed in Walling's non-defaulted claims. A fair reading of the record shows that the defaulted issues are sufficiently dissimilar to Walling's remaining claims that, without specifically preserving them during his state post-conviction review, the state courts were deprived of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).