F I L E D
United States Court of Appeals
Tenth Circuit

March 17, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL GARCIA,

       Petitioner – Appellant,

v.

JOE ORTIZ, Executive Director,
Colorado Department of Corrections;
and the ATTORNEY GENERAL OF
THE STATE OF COLORADO,

       Respondents – Appellees.

No. 05-1433
(D.C. No. 05-CV-01217-ZLW)
(D. Colo.)

ORDER DENYING A CERTIFICATE OF APPEALABILITY

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

       Michael Garcia, a Colorado state prisoner proceeding pro se, requests a

certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254

petition. For substantially the same reasons set forth by the district court, we

**DENY** a COA and **DISMISS**.

       On September 18, 2003, Garcia pled guilty to possession of narcotics and

was sentenced to four years in prison. He was also apparently sentenced to a

three-year period of mandatory parole. He did not appeal this decision, which

became final on November 3, 2003, when his 45-day window to appeal under

Colo. App. R. 4(b)(1) expired.

On June 30, 2005, Garcia filed this § 2254 petition, claiming that the trial court acted beyond its power when it ordered mandatory parole. A magistrate judge ordered Garcia to show cause why his claim should not be dismissed as time-barred and for failure to exhaust state remedies. Upon receiving Garcia's response, the district court dismissed the claim and denied his subsequent application for a COA. Garcia now seeks a COA from this court and presents the same arguments he presented to the district court.[1]

Under 28 U.S.C. § 2244(d), a petitioner has one year from the latest of the following to file a § 2254 petition: (1) the date on which the underlying judgment became final; (2) the date on which an impediment to filing an application created by a violation of federal law or the Constitution was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme

---

[1] Garcia's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Garcia to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Garcia a COA, he may not appeal the district court's decision absent a grant of COA by this court.

Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.

Garcia filed his petition more than a year after his conviction became final. His claim is based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004). As such, he asserts that he had a year from the date the Supreme Court decided Blakely to file the instant petition. However, "Blakely does not apply retroactively to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005), cert. denied 535 U.S. 1099 (2005). Hence, Blakely has no effect on the statute of limitations period in this case. Also, Garcia did not file his petition until June 30, 2005, more than a year after Blakely was decided.

Garcia also argues that he could not have discovered the factual predicate for his claim through the exercise of due diligence until he did so. Because the factual predicate for the claim was the sentencing decision itself, this is plainly wrong. As such, his claim is time-barred.

Garcia also did not exhaust his state court remedies. In order to do so, federal issues must be presented "to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Garcia did neither.

For the reasons set forth above, Garcia's request for a COA is **DENIED** and the appeal is **DISMISSED**.  His motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge