**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES MELVIN TORRENCE,

Petitioner-Appellant,

v.

ROBERT D. HANNIGAN; CARLA J. STOVALL,

Respondents-Appellees.

No. 99-3087
(D.C. No. 96-3249-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, the panel has determined oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Charles M. Torrence, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas petition. As Torrence has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

I.

Torrence pleaded guilty in state court to one count of aggravated robbery, in violation of Kan. Stat. Ann. § 21-3427, and he was sentenced to a term of five to twenty years' imprisonment. His "motion to amend, or alter or modify judgment of conviction and sentence" pursuant to Kan. Stat. Ann. § 60-259(f) was denied, and his subsequent appeal to the Kansas Court of Appeals was dismissed because it was untimely filed. He did not seek review with the Kansas Supreme Court.

Torrence filed a habeas petition in state court pursuant to Kan. Stat. Ann. § 60-1507, asserting both facial and "as applied" challenges to the constitutionality of the statute under which he was convicted. The issues were identical to the claims he attempted to raise on direct appeal. The court denied relief and the Kansas Court of Appeals affirmed the denial, holding Torrence's failure to raise the issues in a timely direct appeal precluded him from obtaining relief in a habeas petition. He sought review with the Kansas Supreme Court, which was denied.

Torrence filed the instant federal habeas petition asserting the same

grounds as in his state habeas petition. The federal district court denied the petition on the merits

## II.

We need not reach the merits of Torrence's petition to uphold the district court's ruling. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court."). A state prisoner has no right to federal habeas relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Torrence did not exhaust his available remedies.[1] "The exhaustion requirement is satisfied if the federal issue has been *properly presented* to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994) (emphasis added). Although Torrence appealed his conviction and sentence to the Kansas Court of Appeals, he filed his notice of appeal beyond the jurisdictional time limit set forth in Kan. Stat. Ann. § 22-3608. An untimely

---

[1] Although the state did not explicitly raise this point before the district court, the issue was not waived. Indeed, following enactment of the Antiterrorism and Effective Death Penalty Act of 1996, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, *expressly* waives the requirement." 28 U.S.C. § 2254(b)(3) (emphasis added).

appeal that is rejected by the state appellate court on that basis is not considered to have been "properly presented." See Hoggro v. Boone, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998).

In his state habeas petition, Torrence reiterated the arguments he had raised in his untimely direct appeal. Both the Kansas Court of Appeals and the Kansas Supreme Court refused to consider his claims on the merits based on his failure to assert the arguments in a timely direct appeal. The Kansas Court of Appeals noted a prisoner cannot use § 60-1507 as a substitute for direct appeal of constitutional errors unless exceptional circumstances justify the failure to raise such matters on direct appeal, citing Kan. Sup. Ct. R. 183(c)(3). Torrence did not demonstrate or claim any such exceptional circumstances in state court.

Generally, when a petitioner fails to exhaust his state court remedies, his federal habeas petition will be dismissed without prejudice to provide an opportunity to return to state court to pursue those remedies. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). This rule does not apply, however, if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 735 & n.1 (1991). Torrence's failure to seek timely review of his federal claims in state court constitutes a failure to exhaust available state court remedies. His claims are thus procedurally defaulted for purposes of federal habeas review.

-4-

The Supreme Court has recognized one narrow exception to the procedural default rule for petitioners who can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. The miscarriage of justice prong is explicitly tied to the petitioner's actual innocence. Schlup v. Delo, 513 U.S. 298, 321 (1995). Torrence has not alleged or demonstrated cause and prejudice for his default. Nor has he articulated any facts suggesting he actually may be innocent.

Torrence's application for a certificate of appealability is DENIED and his appeal is DISMISSED. The mandate shall issue forthwith.

Submitted for the Court

Mary Beck Briscoe
Circuit Judge