F I L E D
United States Court of Appeals
Tenth Circuit

DEC 1 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TIMOTHY WAYNE DUNCAN,

Petitioner-Appellant,

v.

LAWRENCE BARRERAS, Warden,
N.M. State Penitentiary; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 98-2289
(D.C. No. CIV-95-131-SC)
(D. N.M.)

ORDER AND JUDGMENT *

Before **BRORBY, EBEL**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner was originally convicted in state court on fourteen counts including charges of aggravated burglary, criminal sexual penetration, and armed robbery and was sentenced to forty-one and one-half years' imprisonment.  After petitioner's successful appeal of this conviction,    *see State v. Duncan*  , 830 P.2d 554, 563 (N.M. Ct. App. 1990), he was retried and found guilty on two counts of armed robbery.  Applying an habitual offender enhancement, which had not been part of the original sentence, the trial court then sentenced petitioner to a total term of thirty-four years' imprisonment.  That second sentence was affirmed on appeal.  *See State v. Duncan*  , 872 P.2d 380, 388 (N.M. Ct. App. 1994).

Petitioner then brought this action in the federal district court pursuant to 28 U.S.C. § 2254, arguing that he had been the victim of prosecutorial vindictiveness.  The magistrate judge, without holding an evidentiary hearing, recommended that petitioner's application be denied.  The district court adopted the magistrate judge's proposed findings and recommendation and dismissed the petition with prejudice.  This appeal followed.

On appeal, petitioner again argues he was denied due process when the prosecutor pursued habitual offender proceedings after his successful appeal, and

further maintains that he is entitled to an evidentiary hearing on his claim of prosecutorial vindictiveness.

> Because this case was filed before the AEDPA's enactment, pre-amendment standards of review apply. Thus, while we review the legal bases for the district court's dismissal of the petition de novo, we afford deference to the state court's construction of state law. We lack authority to correct errors of state law made by state courts. We presume that the state court's factual findings are correct, and we review the district court's factual findings for clear error. Where the district court's factual findings are based solely upon a review of the state court record, however, they are subject to this court's independent review.

*See Tyler v. Nelson*, 163 F.3d 1222, 1226-27 (10th Cir. 1999) (quotation and citations omitted).

A criminal defendant cannot be punished, consistent with due process, for exercising his constitutional rights to appeal and to trial de novo. *See United States v. Raymer*, 941 F.2d 1031, 1040 (10th Cir. 1991). Thus, when a defendant successfully appeals a conviction, as did this petitioner, he may not be given a harsher sentence after retrial unless cogent reasons appear on the record to support the resentencing decision. *See North Carolina v. Pearce*, 395 U.S. 711, 726 (1969). The rule of *Pearce* has been read to apply a rebuttable presumption of vindictiveness under those circumstances. *See Wasman v. United States*, 468 U.S. 559, 565 (1984).

The *Pearce* rule also applies to prosecutors, effectively preventing them from "'[upping] the ante' by filing felony charges when a convicted

misdemeanant exercises his statutory appellate right to trial *de novo.*" *Raymer*, 941 F.2d at 1040 (citing *Blackledge v. Perry*, 417 U.S. 21, 27-29 (1974)). "A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." *Blackledge*, 417 U.S. at 28.

"The test [for prosecutorial vindictiveness] is whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." *United States v. Wall*, 37 F.3d 1443, 1448 (10th Cir. 1994) (quotations omitted). As with vindictiveness in sentencing, the State can rebut the presumption of prosecutorial vindictiveness by advancing "a legitimate nonvindictive justification for the greater charge." *Wasman*, 468 U.S. at 566.

At the sentencing hearing on the habitual criminal enhancement, the State submitted evidence that it had offered petitioner a plea bargain before his first trial in which the State agreed to dismiss certain counts and to forego filing habitual criminal charges in return for petitioner's guilty plea to other counts. Petitioner rejected this offer and was later convicted. In explaining why she had not initially asked for the habitual criminal enhancement, the prosecutor testified

that the trial judge in the first case had indicated to her that he would not sentence petitioner for a longer term than that received by his co-defendant. This evidence was undisputed. Because petitioner and his co-defendant had roughly equal sentences, even without the habitual offender enhancement, the prosecutor did not ask for the enhancement after the first trial. The judge in the second trial, however, had no such qualms about equality of sentences and did not limit the prosecutor in requesting the habitual enhancement. We have held that refusal by the government to reinstate a previously rejected plea offer prior to a second trial does not raise a presumption of vindictiveness. *See United States v. Carter*, 130 F.3d 1432, 1442-43 (10th Cir. 1997), *cert. denied*, 118 S. Ct. 1856 (1998). As in *Carter*, the granting of the new trial here had nothing to do with the plea negotiations. Additionally, because the second trial judge had a different sentencing philosophy than the first judge, the prosecutor was able to ask for the habitual criminal enhancement she would have requested the first time. There was no evidence that the prosecutor would not have pressed for the habitual enhancement after the second trial "but for hostility or punitive animus toward the defendant because he exercised his specific legal right" to appeal his first conviction. *See Raymer*, 941 F.2d at 1042 (quotation omitted). We thus conclude that, under the circumstances of this case, no presumption of prosecutorial vindictiveness should attach.

Petitioner can still prevail without the presumption if he can show actual vindictiveness. To the extent petitioner argues such, we agree with the State that the prosecutor's opinions and/or feelings toward petitioner, as established in the felony enhancement hearing held by the State court, do not constitute "vindictiveness" as that term is used in a constitutional sense. "[T]he mere presence of a punitive motivation behind prosecutorial action does not render such action unconstitutional." *Carter*, 130 F.3d at 1443. The hostility or punitive animus necessary to establish vindictiveness must arise from the defendant's exercise of his constitutional rights. *See id.* As mentioned above, there was no evidence that the prosecutor pressed for the habitual enhancement in an effort to retaliate against petitioner for his successful appeal. Her anger and fear of defendant was predicated on perceived threats by him and information received from third parties, not on petitioner's exercise of his constitutional rights.

Petitioner's second issue is his contention that he should have received an evidentiary hearing in the district court. Petitioner, however, did not move for an evidentiary hearing until after the magistrate judge had issued his proposed findings and recommended disposition. [1] Thus, his motion was untimely. Further,

---

[1] The district court had originally scheduled an evidentiary hearing because the State had been unable to locate the relevant sentencing transcripts. *See* R. Vol. I at tab 30. After the State located those transcripts, however, respondent filed an unopposed motion to vacate the evidentiary hearing. *See id.* at tab 34. In
(continued...)

because the issues in this case can all be determined by reference to the state court transcript, there is no factual dispute about any material issue which would justify a federal evidentiary hearing. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1535 (10th Cir. 1994).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

---

[1](...continued)
a letter to the court, petitioner's attorney agreed that, at that time, an evidentiary hearing did not appear necessary. *See id.* at tab 42 attachment "A". The letter further stated, however, that "Mr. Duncan would like to reserve the right to request that the court reconsider his motion for an evidentiary hearing should the state raise any arguments in their response to Mr. Duncan's Brief-in-Chief that pertain to matters not contained in the transcripts." *Id.*

The state then filed its motion to dismiss and supporting brief. It was at this time that petitioner should have renewed his motion for an evidentiary hearing. Petitioner's brief in response, however, makes no mention of the need for an evidentiary hearing and no renewed motion was filed. By waiting until after the magistrate judge had entered his proposed findings and recommended disposition, petitioner waived his right to an evidentiary hearing.