**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

WILLIE T. HAYES,

      Petitioner-Appellant,

v.

JUANITA NOVAK; ATTORNEY GENERAL
FOR THE STATE OF COLORADO,

      Respondents-Appellees.

No. 00-1088
(D. Colo.)
(D.Ct. No. 99-Z-2154)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Willie T. Hayes, a state prisoner appearing *pro se*, appeals the district court's decision denying his federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254 and a certificate of appealability. We exercise our jurisdiction under 28 U.S.C. § 2253(a), deny Mr. Hayes' request for a certificate of appealability, and dismiss his appeal.

The entire underlying procedural disposition of Mr. Hayes' state litigation is provided in detail in the district court's decision. In short, after pleading guilty and receiving his sentence, Mr. Hayes successfully petitioned the state trial court to reduce his sentence because it applied the wrong sentencing range of four-to-sixteen years in calculating his sentence, rather than the correct range of four-to-twelve years. In applying the correct sentencing range, the trial court reduced Mr. Hayes thirteen-year sentence to twelve years. Shortly thereafter, Mr. Hayes brought a motion under Colorado Rule of Criminal Procedure 35(c), seeking to withdraw his guilty plea as involuntary based on an ineffective assistance of counsel claim. Mr. Hayes claimed his attorney acted ineffectively by failing to advise him of the correct sentencing range. Following a hearing on the motion, the state trial court denied Mr. Hayes' motion, finding he testified the difference in the sentencing range would not have made a difference in his pleading guilty.

Mr. Hayes appealed the state trial court's decision to the Colorado Court of Appeals, raising the same issue. The Colorado Court of Appeals considered his claim on its merits, determining his counsel did not act ineffectively. The Colorado Supreme Court denied Mr. Hayes' writ of certiorari. Later, the state district court denied Mr. Hayes' post-conviction habeas petition as insufficient on its face, which the Colorado Supreme Court affirmed on appeal.

Unsuccessful at the state level, Mr. Hayes filed his federal habeas petition, claiming his guilty plea was unknowing and involuntary due to his illegal sentence. The district court assigned the matter to a magistrate judge who issued an Order to Show Cause, finding Mr. Hayes never raised this issue before the Colorado Court of Appeals,[1] and therefore, concluding Mr. Hayes failed to exhaust his state remedies as required under § 2254.

Mr. Hayes filed a response to the Order to Show Cause, contending he exhausted the illegal sentencing issue because he raised it in his Rule 35(c) motion. Following a review of Mr. Hayes' response to magistrate judge's show

---

[1] While the magistrate judge at one point states Mr. Hayes did not raise the illegal sentencing issue in "the state courts," we acknowledge Mr. Hayes did raise the illegal sentencing range issue in his Rule 35(c) motion, albeit in the guise of an ineffective assistance of counsel claim.

cause order, the district court denied his petition, also holding Mr. Hayes failed to show he exhausted his state remedies.

On appeal, Mr. Hayes raises the same issue regarding his unknowing and involuntary plea premised on his illegal sentence, which the magistrate judge and district court determined he failed to exhaust. Mr. Hayes claims the federal district court ignored evidence showing he did in fact exhaust his remedies in the state courts. In support, Mr. Hayes points out he raised the illegal sentence issue in his Rule 35(c) motion when he claimed his counsel failed to advise him of the correct sentencing range.

In order to obtain a certificate of appealability, Mr. Hayes must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Mr. Hayes' habeas petition on procedural grounds without reaching his underlying constitutional claims, we will only issue a certificate of appealability if Mr. Hayes can show, at the least, that jurists of reason would find it debatable whether 1) Mr. Hayes stated a valid claim of the denial of a constitutional right and 2) the district court's procedural ruling was correct. *See Slack v. McDaniel*, ___ U.S. ___, 120 S. Ct. 1595, 1604 (2000). We review the legal basis for the district court's denial of Mr. Hayes' § 2254

petition *de novo* and its factual findings under the clearly erroneous standard. *See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 944 (2000). As a *pro se* litigant, Mr. Hayes' pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

In determining whether we should issue a certificate of appealability, we hold in this case Mr. Hayes raises a debatable question as to whether the district court's procedural ruling was correct. Thus, we begin with a discussion of the district court's procedural ruling on Mr. Hayes' failure to exhaust his state remedies. Mr. Hayes' petition may be considered if he shows he exhausted his state remedies or that no adequate state remedies are available. *Cf.* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied only if Mr. Hayes presented his federal claims to the highest state court, either by direct review or post-conviction attack. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1354 (10th Cir. 1994).

The record shows Mr. Hayes raised an involuntary guilty plea issue in his 35(c) motion based on alleged ineffective assistance of counsel for failure to advise him of the correct sentencing range. The Colorado Court of Appeals

addressed this issue on its merits, determining Mr. Hayes' counsel did not act ineffectively. Thus, it is clear Mr. Hayes raised the ineffective assistance of counsel claim in both his 35(c) motion and on state appeal. However, in his federal petition, Mr. Hayes did not explicitly set forth an ineffective assistance of counsel claim. Instead, he claimed only that his plea was unknowing and involuntary due to his illegal sentence. On appeal, he suggests he exhausted his state remedies and in support, quotes excerpts from all of his state pleadings in which he claimed his involuntary plea resulted from his counsel's actions in advising him and the court of the wrong sentencing range.

Construing Mr. Hayes' federal petition liberally, it is conceivable he implicitly raised the same ineffective assistance of counsel claim in his federal petition when he again claimed his plea was involuntary and unknowing based on application of the incorrect sentencing range. We arrive at this conclusion because, in the state proceedings, Mr. Hayes maintained his involuntary plea resulted from his attorney's actions in advising him of the wrong sentence range. Therefore, in this case, the fact Mr. Hayes left out any mention of counsel is not necessarily fatal. Hence, we disagree with the district court and conclude Mr. Hayes did exhaust his state remedies on his ineffective assistance of counsel claim and subsequently brought the same claim in his federal petition.

Having determined Mr. Hayes exhausted his state remedies, we must next determine whether jurists of reasons would find it debatable whether Mr. Hayes has stated a valid claim of a constitutional right concerning his ineffective assistance of counsel claim. *See Slack*, ___ U.S. at ___, 120 S. Ct. at 1604. Even if we liberally construe Mr. Hayes' federal petition as an ineffective assistance of counsel claim as he requests, we conclude any alleged deficiency of his counsel in failing to advise him of the correct sentencing range did not prejudice him.[2] This is because Mr. Hayes initially pled guilty, thinking his sentence range was four to sixteen years. Given this plea, Mr. Hayes has not shown why he would not have also pled guilty to the lesser sentence of four-to-twelve years, if correctly advised. Moreover, the state trial court found Mr. Hayes testified the difference in the sentencing range would not have made a difference in his pleading guilty.

Under the circumstances presented, we hold Mr. Hayes demonstrates he exhausted his state remedies. However, we conclude Mr. Hayes fails to state a constitutional claim of ineffective assistance of counsel debatable among jurists. For this reason, he fails to meet the requirement for issuance of a certificate of

---

[2] To prevail on an ineffective assistance of counsel claim, Mr. Hayes must show either that his counsel's performance fell below an objective standard of reasonableness or that the deficient performance was prejudicial to his defense. *See Brewer v. Reynolds*, 51 F.3d 1519, 1523 & n. 7 (10th Cir. 1995), *cert. denied*, 516 U.S. 1123 (1996).

appealability.  Thus, we must deny Mr. Hayes a certificate of appealability and

**DISMISS** his appeal.  We nevertheless grant Mr. Hayes' request to proceed *in*

*forma pauperis.*


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge