**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY DEAN CONLEY,

  Petitioner-Appellant,

v.

DAVID MCKUNE; PHILL KLINE,
Attorney General of Kansas,

  Respondents-Appellees.

No. 05-3068
(D.C. No. 04-CV-3144-KHV)
(Kansas)

**ORDER**[*]

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Anthony D. Conley applies *pro se*[1] for a certificate of appealability (COA)

of the district court's denial of his petition for writ of habeas corpus under 28

U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we deny a

COA and dismiss the appeal.

On August 7, 1998, a jury found Mr. Conley guilty of first degree murder in

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

[1]We liberally construe Mr. Conley's *pro se* application. *See Hall v. Scott*,
292 F.3d 1264, 1266 (10th Cir. 2002).

violation of K.S.A. § 21-3401(a). He was sentenced to life in prison with no possibility of parole for forty years. The Kansas Supreme Court affirmed and the United States Supreme Court denied his petition for a writ of certiorari. Mr. Conley then filed a motion for state post-conviction relief, which was subsequently denied by the trial court and the Kansas Court of Appeals. He did not seek review of that decision in the Kansas Supreme Court. Instead, Mr. Conley petitioned the federal district court for a writ of habeas corpus, which it denied initially and after Mr. Conley's motion to reconsider.[2] In support of his application for a COA, Mr. Conley asserts the criminal complaint against him was jurisdictionally defective because it lacked a penalty provision. As a result, he argues, the maximum authorized sentence was zero and the sentence he received violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[3]

Issuance of a COA is jurisdictional, *Miller-El v. Cockrell*, 537 U.S. 322 (2003), and can issue only "if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

---

[2]The district court did not act on the issue of a certificate of appealability, and it is therefore deemed denied. *See United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

[3]In his petition to the district court, Mr. Conley also claimed the affidavit which supported the arrest warrant contained false elements, counsel was ineffective, and the trial court denied his right to confront witnesses. He has not raised these issues in his COA application, and we consider them abandoned. *See Tran. v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004).

-2-

this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When a district court has dismissed a habeas petition on procedural grounds, a prisoner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id*. While Mr. Conley is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id*. at 338 (internal quotations and citation omitted).

The district court dismissed Mr. Conley's claim regarding an alleged defective complaint because it determined the claim was procedurally defaulted. A state prisoner may not petition for federal habeas corpus relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion of the federal issue is satisfied if it has been properly presented to the highest state court, either by

-3-

direct review of the conviction or in a post-conviction attack. *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Mr. Conley contends the issue was properly exhausted because on direct appeal he argued the Kansas sentencing scheme violated *Apprendi*, and that argument was presented to the Kansas Supreme Court. But in his direct appeal, he contended *Apprendi* was violated because he was denied a jury determination of the facts necessary to sentence him to forty years without parole. In his federal habeas petition, however, Mr. Conley claims that the criminal complaint against him contained jurisdictional defects resulting in a violation of *Apprendi*. He thus essentially made two distinct *Apprendi* arguments. He raised the jurisdictional defect issue in his post-conviction proceedings, but then failed to properly present that claim to the highest court of Kansas. Because the time for appeal has passed, the district court concluded the claim was procedurally defaulted. We agree that Mr. Conley failed to properly exhaust the issue of the defective complaint and it is now procedurally barred.

The procedural default doctrine precludes federal habeas review of Mr. Conley's unexhausted claim unless he shows (1) both cause and prejudice or (2) a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). Mr. Conley contends his state appointed post-conviction counsel failed to advise him of the statute of limitations for his post-conviction appeal to the

-4-

Kansas Supreme Court, which resulted in his missing the deadline and not presenting all his issues to the highest court in the state. Accordingly, he contends his attorney's incompetence is the cause of the procedural default resulting in prejudice. But there is no constitutional right to counsel in collateral proceedings, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and therefore a failure of post-conviction counsel resulting in procedural default "cannot constitute cause to excuse default in federal habeas." *Coleman*, 501 U.S. at 757. Mr. Conley does not assert a fundamental miscarriage of justice and would not succeed had he done so. *See McClesky v. Zant*, 499 U.S. 467, 494 (1991) (cases involving a fundamental miscarriage of justice "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime"). Consequently, we agree with the district court that he has procedurally defaulted his defective complaint claim for purposes of federal habeas review.

We have carefully reviewed the record of these proceedings and the order of the district court. We adopt the district court's reasoning and conclude that reasonable jurists would not debate its procedural ruling. We **DENY** the request for a certificate of appealability, and **DISMISS** the appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-