**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALI MEHDIPOUR,

Petitioner - Appellant,

v.

LISA PARKER; RON WARD,

Respondents - Appellees.

No. 05-6376

W. D. Oklahoma

(D.C. No. 03-CV-534-C)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Ali Mehdipour was convicted in Oklahoma state court of distribution of

methamphetamine. On April 22, 2003, he filed an application under 28 U.S.C.

§ 2254 in the United States District Court for the Western District of Oklahoma.

The magistrate judge recommended that the application be denied. On

October 19, 2005, the district court adopted the recommendation. The district

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court also denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA).  Mr. Mehdipour now seeks a COA from this court, which we deny.

## I.    BACKGROUND

On March 28, 1997, Michael Snowden, an agent with the Oklahoma Bureau of Narcotics and Dangerous Drugs, purchased methamphetamine from Mr. Mehdipour at a sale arranged by confidential informant Harvey Stafford.  On July 31, 1997, Agent Snowden arrested Mr. Mehdipour without a warrant and seized $1083.00 from him.  The state sought the money in a civil forfeiture action, which was dismissed with prejudice on August 14, 1998.  In April 1999 Mr. Mehdipour was tried and convicted of methamphetamine distribution in Oklahoma state court.  Agent Snowden had worn a wire transmitter during the drug sale.  Admitted into evidence at trial was an audiotape of (1) the conversation during the sale and (2) the telephone conversation between Mr. Mehdipour and Mr. Stafford arranging the sale.

Mr. Mehdipour appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed.  He then filed in state court an application for postconviction relief, which the district court denied.  The OCCA affirmed the denial.

On appeal Mr. Mehdipour makes the following claims: (1) the warrantless arrest violated his Fourth Amendment rights; (2) the admission of the audiotape

violated the Fourth Amendment, the Federal Wiretap Act, and Oklahoma's wiretap law; (3) the admission of the audiotape was improper under state evidence law because Agent Snowden, who identified Mr. Mehdipour's voice on the tape, was not qualified as an expert in voice identification; (4) his trial counsel was constitutionally ineffective in his litigation of the Fourth Amendment and wiretap-law claims, and in failing to investigate the case adequately; (5) his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), were violated by the admission without prior notice of incriminating evidence obtained in a separate investigation conducted before his arrest; (6) his conviction was barred by collateral estoppel; and (7) his trial counsel was ineffective for failing to request an expert-witness-qualification hearing under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

## II.   DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks

omitted).  In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong."  *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in state court, a federal court will grant habeas relief only when the applicant establishes that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, relief is provided only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  Thus we may not issue a habeas writ simply because we conclude in our independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotations and citations omitted).  For those of Mr. Mehdipour's claims that were adjudicated on the merits in state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for COA."  *Dockins*

-4-

*v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Factual determinations of the state court are presumed correct, and the habeas applicant has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1).

No reasonable jurist could dispute the district court's denial of Mr. Mehdipour's Fourth Amendment claims based on the warrantless arrest and the admission of the audiotape. These claims are barred on habeas review by *Stone v. Powell*, 428 U.S. 465 (1976). Nor could a reasonable jurist dispute the district court's denial of relief on the claims that the admission of the audiotape violated federal and state law. Section 2254 does not provide relief for violations of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). And the recording of Mr. Mehdipour's conversations was proper under the consent exception to the Federal Wiretap Act because on direct appeal the OCCA found that the other party to the conversation consented, and Mr. Mehdipour has not rebutted that finding. *See United States v. Faulkner*, 439 F.3d 1221, 1224 (10th Cir. 2006) (noting that the consent exception applies "where one of the parties to the communication has given prior consent to . . . interception [of a wire, oral, or electronic communication]" (quoting 18 U.S.C. § 2511(2)(d))).

Mr. Mehdipour makes several claims of ineffective assistance of trial counsel related to the warrantless arrest and admission of the audiotape. These claims are not precluded by *Stone*. *See Kimmelman v. Morrison*, 477 U.S. 365,

382-83 (1986). *Strickland v. Washington*, 466 U.S. 668, 687 (1984), requires a defendant to support an ineffectiveness claim by showing "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense[, which] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Mr. Mehdipour complains that trial counsel did not interview the arresting officers or a neighbor who apparently had knowledge about the warrantless arrest. He states that if counsel had done so, he would have discovered additional evidence that the warrantless arrest was improper. He also complains that counsel failed to interview Mr. Stafford, the confidential informant, and that during such an interview counsel would have learned that Mr. Stafford had not consented to the recording of his conversation with Mr. Mehdipour and that Mr. Stafford had never purchased drugs from Mr. Mehdipour or spoken with him on the telephone. Finally, he argues that counsel elicited certain damaging testimony at trial as a result of the failure to investigate the case properly.

The magistrate judge recommended rejecting Mr. Mehdipour's claim that counsel's failure to interview the witnesses caused him to elicit damaging testimony at trial. The magistrate judge stated that in light of the overwhelming evidence of guilt, Mr. Mehdipour had not shown that he had been deprived of a fair trial. The magistrate judge also recommended rejecting Mr. Mehdipour's claim regarding his counsel's failure to interview Mr. Stafford, stating that he had

failed "to show how th[e] verdict could have been changed by any testimony from Stafford." Report at 26. Both recommendations were adopted by the district court and would not be disputed by reasonable jurists. As for Mr. Mehdipour's claim regarding failure to interview the arresting officers and his neighbor, he did not raise the claim in district court, so we will not consider it. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1240 (10th Cir. 2005) (we will not address issues raised for the first time on appeal).

Mr. Mehdipour asserts that he was denied his due-process rights under *Brady*, when Agent Snowden testified, without prior notice to Mr. Mehdipour, about evidence regarding Mr. Mehdipour that was obtained in another investigation before his arrest. But Mr. Mehdipour did not raise *Brady* in district court, so we will not address this argument. *See Simmat*, 413 F.3d at 1240.

Mr. Mehdipour also argues that his conviction is improper under the collateral-estoppel doctrine because in the forfeiture action the state district court had ruled in his favor, holding that the money was seized in violation of the Fourth and Fourteenth Amendments. Mr. Mehdipour argues that "since the [money] was seized on the same facts as used in the criminal accusation, the state was barred from re-trying the action in a criminal proceeding under collateral estoppel." Aplt. Br. at 30. But in order for collateral estoppel to apply, the following conditions must be met:

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992) (internal quotation marks omitted). The magistrate judge recommended dismissal of Mr. Mehdipour's collateral-estoppel claim on the ground that the record supported the OCCA's finding that

> the issue at stake in the civil forfeiture action (whether drug dealing was the likely source of the $1083 taken from [Mr. Mehdipour] when he was arrested) is totally distinct from the issue at stake in the criminal case (whether he sold 13.1 grams of methamphetamine to Agent Snowden four months earlier).

R. Doc. 31 at 15 (internal quotation marks omitted). We agree. Reasonable jurists would not dispute that the Oklahoma court's ruling was neither contrary to nor an unreasonable application of federal law.

Finally, Mr. Mehdipour makes an ineffective-assistance-of-counsel claim based on his counsel's failure to request a hearing under *Daubert* and *Kumho Tire Co*. He argues that counsel should have requested such a hearing because neither "the trial court nor Agent Snowden qualified as technical or other specialized knowledge to scientific testimony to the identity of voice found on the audiotape." Aplt. Br. at 36. But Mr. Mehdipour did not raise these claims in district court, so we will not address them. *See Simmat*, 413 F.3d at 1240.

## III.  CONCLUSION

We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge