FILED
United States Court of Appeals
Tenth Circuit

May 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD S. JONES,

      Petitioner - Appellant,

v.

WARDEN MILLER, and CYNTHIA
H. COFFMAN, Attorney General of
the State of Colorado,

      Respondents - Appellees.

No. 15-1084
(D.C. No. 1:14-CV-02916-LTB)
(D. of Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

Richard Jones seeks a certificate of appealability (COA) to challenge the

district court's denial of his petition for a writ of habeas corpus filed under 28

U.S.C. § 2254. In that petition, Jones argued that his conviction for escape from

state parole violated the Eighth and Fourteenth Amendments of the United States

Constitution. The district court dismissed the petition, finding that Jones had

failed to exhaust his claims in the Colorado state courts. In his application for a

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

COA, Jones repeats one of the arguments from his § 2254 petition and presents a new argument based on the Sixth Amendment.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a COA and dismiss the appeal.

## I. Background

This case finds its origin in two guilty pleas Jones entered in 1991. As a result of those guilty pleas, a Colorado district court sentenced Jones to eighteen years in state prison. Jones was eventually released on intensive supervised parole but while monitored cut off his ankle bracelet and absconded in 2007. Jones was eventually apprehended and a jury convicted him of felony escape. After filing an unsuccessful appeal and petitioning for state post-conviction relief, Jones filed this action under § 2254.

Jones raised two issues in his § 2254 petition. First, Jones argued that his conviction for escaping from state parole ran afoul of the Fourteenth Amendment because his sentence of parole was invalid. In short, Jones argued that the district court that accepted his 1991 plea was required to inform him that he could be subjected to parole but that it failed to do so. Second, Jones argued that the Colorado courts lacked jurisdiction to convict him because his parole had been illegally imposed by a parole officer rather than by a judge. The federal district court dismissed the petition, finding that Jones had failed to exhaust his claims in the Colorado state courts.

In his application for a COA, Jones repeats his argument that his parole was invalid because he was never informed that he could be subjected to parole and also raises a new Sixth Amendment argument.

## II. Analysis

A COA is a jurisdictional prerequisite to our review of an action under § 2254. *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA only if the movant demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In making that determination, "we review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001) (internal quotation marks omitted).

### A. Failure to Inform of Parole at Initial Sentencing

Jones's first claim is that his conviction for escape from parole is invalid under the Fourteenth Amendment because he was not advised that he would be subject to parole when he pleaded guilty to an underlying offense. According to Jones, an offender who pleads guilty cannot be subjected to parole under Colorado law unless he was made aware of that possibility before entering his plea. *See Clark v. People*, 7 P.3d 163 (Colo. 2000); *Benavidez v. People*, 986

-3-

P.2d 943 (Colo. 1999). The district court found that Jones had failed to exhaust this claim in state court, and we agree.

A federal court cannot grant an application for a writ of habeas corpus under § 2254 unless the applicant has previously exhausted all adequate and effective state remedies available for his claim. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–43 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Exhaustion requires that the federal issue be "properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. Although a petitioner does not need to cite "book and verse on the federal constitution" to preserve a constitutional claim," *Picard v. Connor*, 404 U.S. 270, 278 (1971), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). At a minimum, the petitioner must have presented the substance of his claim in state court, and he must have presented his claim as one arising under the federal constitution. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

As the district court correctly found, Jones did not raise this issue on direct appeal. Although Jones made a similar argument in his state application for postconviction relief, that argument was based on the Colorado Rules of Criminal Procedure. Jones never presented the Colorado state courts with a constitutional

argument relating to the original trial court's alleged failure to inform him that he could be subjected to parole after his release from state prison. Because exhaustion requires that an applicant under § 2254 present his claim to the state courts as one arising under the federal constitution, *see id.*, we agree with the district court that Jones failed to exhaust this claim.

### B. Right to a Fair Trial

Next, Jones argues that he was deprived of his right to a fair trial, as guaranteed by the Sixth and Fourteenth Amendments. More specifically, Jones contends that the trial judge, applying Colorado Rule of Evidence 403, erred in forbidding Jones from presenting evidence to the jury that the parole from which he escaped was illegal. Jones presented this argument on direct appeal, both to the Colorado Court of Appeals and to the Colorado Supreme Court in his petition for a writ of certiorari.

The problem is that Jones did not make this argument before the federal district court. Jones's second and final argument in his § 2254 petition was that his conviction violated the Eighth and Fourteenth Amendments because the Colorado courts lacked jurisdiction to convict him for escaping from what was an illegal parole; he did not make a claim under the Sixth Amendment, argue that the trial court's evidentiary ruling deprived him of a fair trial, or challenge the constitutionality of Rule 403. The factual basis behind Jones's contention that his parole was illegal also seems to have changed. Jones complained to the district

court that he was placed on parole by a parole officer, as opposed to a judge, and that the parole officer lacked authority to make that decision. In his application to this court, however, Jones seems to argue that his parole was illegal because of a time computation error of some sort. As this court has repeatedly held, we will not consider an issue not raised in the initial § 2254 petition to the district court. *See, e.g.*, *Ochoa v. Workman*, 669 F.3d 1130, 1146 n.15 (10th Cir. 2012); *Mehdipour v. Parker*, 188 F. App'x 716, 720 (10th Cir. 2006).

## III.  Conclusion

For the reasons given above, Jones's application for a COA is DENIED and the appeal is DISMISSED. We also DENY his request to proceed in forma pauperis.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge