**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 12, 2007**

**TENTH CIRCUIT**

JOSE BROU,

            Petitioner-Appellant,

v.

JAMES CHARLES ABBOTT,
Warden; JOHN SUTHERS, Attorney
General of the State of Colorado,

            Respondents-Appellees.

No. 06-1326

District of Colorado

(D.C. No. 05-CV-02564-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

    Jose Brou, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Brou has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. *Id.* § 2253(c)(2).

---

    [*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## Background

After pleading guilty in Colorado state court to vehicular homicide, Mr. Brou was sentenced to a term of seven years imprisonment and a three-year term of supervised release. He did not appeal his sentence. Instead, he filed a motion under Rule 35(c) of the Colorado Rules of Criminal Procedure, arguing that his sentence was illegal because the combined length of his prison term and mandatory probation is ten years, longer than the seven years he agreed to serve as part of his plea deal. The Colorado district court denied his motion. The court entered a brief order stating:

> [T]he court finds that the period of mandatory parole the [sic] attaches by operation of 18-1.3-401(1)(A)(V) is an incidental and distinct element of the def's sentence, separate [sic] from the term of incarceration imposed by the trial court; People v. Johnson, 13 P.3d 309, 313 (Colo. 2000); in light of the above the court finds the def's motion is not meritorious and this does not require a hearing; Order: Def 35a/c motion is respectfully denied.

R. Doc. 9, Ex. A. Mr. Brou appealed this order to the Colorado Court of Appeals, but that Court dismissed his appeal as untimely. The Colorado Supreme Court also refused to consider the merits of Mr. Brou's argument, again because it was untimely.

After completion of these proceedings in the Colorado courts, Mr. Brou filed a motion under 28 U.S.C. § 2254 in the United States District Court for the District of Colorado, raising the same claims. The district court denied Mr. Brou's petition because he failed to exhaust his state-court remedies. R. Doc. 13,

-2-

at 3.  It also denied his motion for reconsideration, R. Doc. 15, and his motion for a certificate of appealability, R. Doc. 19.

**Discussion**

**I.      Mr. Brou's Appeal Is Timely.**

Before addressing whether to grant Mr. Brou's application for COA, we must first address whether his appeal to this Court was timely.  The district court order denying his petition was docketed on May 18, 2006.  Ordinarily, a notice of appeal must be filed within thirty days of that event.  *See* Fed. R. App. P. 4(a)(1).  Mr. Brou did not file his notice of appeal until July 28, 2006, well outside that thirty-day deadline.  After the district court entered its May 18, 2006, order, however, it did not enter a separate judgment under Rule 58 of the Federal Rules of Civil Procedure.  Accordingly, Mr. Brou had 150 days from the entry of the order to file his appeal, Fed. R. Civ. P. 58 (b)(2)(B).  Because he filed his COA application within that period, his appeal is timely.  *See generally Clough v. Rush*, 959 F.2d 182, 184–85 (10th Cir. 1992) (explaining when Rule 58 requires a separate document to trigger the appeal process).

**II.     Mr. Brou Is Not Entitled to a COA.**

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA will issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When a district court's dismissal rests on procedural grounds, we will issue a COA only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

Even under the liberal standard by which we judge a *pro se* litigant's pleadings, *see Ledbetter v. City of Topeka*, *Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003), Mr. Brou fails to convince us that the district court should have resolved his petition differently. Our precedent and the statutory language unambiguously require § 2254 petitioners to exhaust state remedies. *See, e.g.*, *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citing 28 U.S.C. § 2254(b)). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)). Issues are not "properly presented" to the state appellate courts if the appeal was not filed on a timely basis. Because Mr. Brou's appeal of the

denial of his Rule 35(c) motion was dismissed as untimely, and he has provided no argument why that disposition was in error, we conclude that he has failed to exhaust his claims in state court. Given the clarity of our precedent, and Mr. Brou's failure to comply with it, reasonable jurists would agree that the district court's procedural ruling was correct.

## Conclusion

Accordingly, we **DENY** Mr. Brou's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge