**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 2, 2007**

**TENTH CIRCUIT**

WENDELL TODD JONES,

     Petitioner - Appellant,

v.

AL ESTEP; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondent - Appellee.

No. 06-1248
(D.C. No. 05-CV-353-LTB-PAC)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Petitioner-Appellant Wendell Todd Jones, a state inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's order denying relief on his habeas petition filed pursuant to 28 U.S.C. § 2254. Because Mr. Jones has failed to make a "substantial showing of the denial of a constitutional right," see id. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA, deny IFP, and dismiss the appeal.

In 1989, Mr. Jones was convicted by a jury of two counts of first degree murder, attempted first degree murder, first degree kidnaping, and conspiracy. Mr. Jones filed a direct appeal in state court but subsequently moved to dismiss it.

Approximately a year later, Mr. Jones filed his first state post-conviction motion, which was denied, see People v. Jones, No. 96-CA-1935 (Colo. Ct. App. Dec. 17, 1998), and the subsequent petition for certiorari to the Colorado Supreme Court was rejected. He filed a second state post-conviction motion in 2000, which was also denied, see People v. Jones, No. 01-CA-1247 (Colo. Ct. App. Aug. 12, 2004), and his petition for certiorari to the Colorado Supreme Court was similarly rejected. Mr. Jones is currently serving two consecutive life sentences, plus forty-eight years, in a Colorado penitentiary.

The parties are familiar with the facts which were exhaustively detailed in the magistrate's very complete report and recommendation, see Jones v. Estep, 05-CV-00353, 2006 WL 1313978, at *2-25 (D. Colo. May 11, 2006), and will not be repeated here.

Mr. Jones filed his timely habeas petition on February 10, 2005.[1] In the petition, Mr. Jones argued: (1) that his due process rights were violated by the admission of evidence of other crimes, wrongs, or acts, by the admission of identification evidence based on suggestive pre-trial identification procedures, and by the admission of mugshots of Mr. Jones, (2) that his trial counsel was

_____

[1] Although a § 2254 petition must normally be filed within one year after the judgment of conviction, see 28 U.S.C. § 2244(d)(1)(A), the statute of limitations is tolled during the time a properly filed state post-conviction motion is pending, see id. § 2244(d)(2). In this case, Mr. Jones filed a state post-conviction motion, and then another one, which resulted in sufficient tolling to make his federal habeas petition timely.

ineffective for failing to object to the introduction of such evidence, (3) that his confrontation and due process rights were violated when the trial court restricted the cross-examination of a Mr. Reagor, (4) that the trial court failed to adequately advise him of his right to testify in his own defense, (5) that his trial counsel was ineffective for (a) failing to exercise a peremptory challenge to excuse a biased juror, (b) stating in his opening statement that a Mr. Shanklin had already been convicted of the charged offenses, (c) failing to move for a mistrial after a prosecution witness testified that Mr. Jones exercised his right to remain silent and asked for an attorney, and (d) failing to conduct an adequate pre-trial investigation, and (6) that his due process rights were violated when the trial court failed to transmit the complete trial record to the state court of appeals.

Although the respondents argued that two of Mr. Jones's claims should be dismissed for failure to exhaust in state court, see 28 U.S.C. § 2254(b); Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994), the district court, adopting the magistrate's extensive recommendation, declined to address the exhaustion question and instead denied the claims based on AEDPA[2] review, or where appropriate, on the merits, see 28 U.S.C. § 2254(b)(2); Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002). The district court then denied Mr. Jones a COA and declined to appoint appellate counsel.

---

[2] Antiterrorism and Effective Death Penalty Act.

With respect to Mr. Jones's claims regarding introduction of the bad acts evidence, witness identifications, and mugshots, the district court determined that the evidence was either admitted for a proper, probative purpose or that the evidence was not so prejudicial as to render "the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." See Moore v. Marr, 254 F.3d 1235, 1246 (10th Cir. 2001) (internal quotations and citation omitted). With regard to the first ineffective assistance of counsel claim, the district court found that trial counsel's failure to object to introduction of the evidence was a strategic decision in support of the defense theory that Mr. Jones had been misidentified. See Strickland v. Washington, 466 U.S. 668, 689 (1984). The district court found that Mr. Jones was afforded sufficient opportunity to cross-examine Mr. Reagor and that Mr. Reagor's credibility was indeed impeached, resulting in no violation to Mr. Jones's confrontation rights. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). With regard to Mr. Jones's right to testify, the district court concluded that the trial court had in fact advised Mr. Jones of the right and that it had no further obligation to inquire as to why Mr. Jones chose not to testify. See United States v. Janoe, 720 F.2d 1156, 1161 (10th Cir. 1983). With regard to the final ineffective assistance of counsel claims, the district court concluded that most of trial counsel's decisions were based on reasonable trial strategy, and that, in any event, Mr. Jones failed to demonstrate that trial counsel's actions were objectively unreasonable or that he was prejudiced as a result. See Strickland,

- 4 -

466 U.S. 687-88, 691. Finally, the district court determined that Mr. Jones could show no prejudice from the trial court's failure to transmit the complete record, because the state appellate court accepted Mr. Jones's account of the facts in lieu of the full record.

Under AEDPA we may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." Slack, 529 U.S. at 483. In other words, a COA will only issue if an applicant can show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 483-84. However, as the Supreme Court explained in Miller-El v. Cockerell, 537 U.S. 322, 336 (2003), we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." Thus, we must ask whether the district court properly applied AEDPA in evaluating the state court rulings, 28 U.S.C. § 2254(d), and whether it properly applied the law on those claims that it chose to evaluate on the merits without AEDPA deference. After review, we conclude that the district court's resolution of Mr. Jones's claims is not reasonably debatable.

We DENY a COA, DENY IFP, and DISMISS the appeal. All pending

motions are denied. We remind Mr. Jones that the fee for this appeal remains due.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge