UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FILED
United States Court of Appeals
Tenth Circuit

**February 8, 2016**

Elisabeth A. Shumaker
Clerk of Court

WENDELL TODD JONES,

Petitioner - Appellant,

v.

AL ESTEP; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 15-1414
(D.C. No. 1:05-CV-00353-LTB-PAC)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ**, and **MORITZ**, Circuit Judges.

In 1989, a Colorado jury found Wendell Todd Jones guilty of several serious

crimes, including two counts of first-degree murder. We upheld the denial of his first

habeas petition challenging that state conviction in *Jones v. Estep*, 219 F. App'x 723,

725 (10th Cir. 2007). More than eight years later, he filed a "Motion to Set Aside,

Vacate, Judgment," attacking the same conviction on the basis of the State's alleged

suppression of (unspecified) evidence in violation of *Brady v. Maryland*, 373 U.S.

83, 87 (1963). *See* R. Vol. 1 at 7. He purported to file the motion in his former

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

habeas case. Noting the latter procedural fact, the district court summarily denied the motion as improperly filed in a case long since finally closed. Following the ensuing denial of related motions for reconsideration,[1] appointment of counsel, and recusal for the same reason, Mr. Jones commenced this appeal. The district court denied his requests for a certificate of appealability (COA) and leave to proceed on appeal in forma pauperis (IFP), which he has renewed before this court. Concluding this appeal to be legally frivolous, we deny a COA, deny IFP, and dismiss.

The motion to set aside/vacate judgment filed by Mr. Jones actually had two fatal threshold procedural deficiencies. First, as the district court noted, it was filed in a closed case. And we note it advanced no reason justifying relief from the final judgment entered in that case years ago. *See generally* Fed. R. Civ. P. 60(b)(4)-(6) (specifying limited grounds for which relief from judgment may be obtained more than a year after entry). Second, even if Mr. Jones had brought the motion as a new stand-alone habeas proceeding challenging his state court conviction, it would have been subject to summary dismissal as a second or successive petition lacking authorization from this court under 28 U.S.C. § 2244(b). Nothing Mr. Jones argues in his brief on appeal (designated as "Petition for a Writ of Certiorari to the United States Court of Appeals for the Tenth Circuit") raises a nonfrivolous issue—much

---

[1] In his motion for reconsideration, Mr. Jones added numerous conclusory references to ineffective assistance of state trial counsel. His briefing to this court invokes even more constitutional objections directed at his state prosecution. The addition of these matters to the *Brady* claim he initially asserted does not affect the grounds for our disposition.

less a debatable question warranting a COA—regarding the district court's summary rejection of his motion to set aside/vacate judgment and the similarly inappropriate motions that followed. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining COA may issue under 28 U.S.C. § 2253(c)(2) only if prisoner demonstrates that reasonable jurists would find district court's disposition debatable or wrong).

Accordingly, we deny a COA and dismiss this appeal from the district court's denial of Mr. Jones' defective motion to set aside/vacate.[2] In light of the legally frivolous nature of this appeal, we also deny his motion to proceed IFP. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008). He is required to immediately remit the full amount of the filing fee notwithstanding the denial of a COA. *See Clark v. Oklahoma*, 468 F.3d 711, 715 (10th Cir. 2006).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

---

[2] In *Harbison v. Bell*, 556 U.S. 180, 183 (2009), the Supreme Court held that procedural orders relating to appointment of counsel fall outside the statutory requirement for a COA, which applies only to orders disposing of "the merits of a habeas corpus proceeding." It thus appears Mr. Jones does not need a COA to appeal the denial of his collateral procedural motions involving appointment of counsel and recusal. But given the patent deficiency of his underlying motion to set aside/vacate, we affirm the denial of such collateral motions without the need to order the State to file an answer brief.

- 3 -