**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID ELLIS,

          Petitioner-Appellant,

v.

AL ESTEP, Warden, Fremont
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO, JOHN W.
SUTHERS,

          Respondents-Appellees.

No. 10-1295
(D.C. No. 1:07-CV-02573-MSK)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

---

    David Ellis, a Colorado state prisoner appearing pro se, applies for a

certificate of appealability (COA) to challenge the district court's denial of his

petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254.

Construing Mr. Ellis's pro se application liberally, *see Cummings v. Evans*,

---

[*]    This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

161 F.3d 610, 613 (10th Cir. 1998), we deny his application for a COA, and dismiss the appeal.

Mr. Ellis was charged in Colorado state court with two counts of attempted first degree extreme indifference murder, one count of first degree assault, and one count of a crime of violence. The incident giving rise to the charges took place during a party hosted by Mr. Ellis's girlfriend on December 24, 1997. When an argument broke out between Mr. Ellis and his girlfriend, her brother told Mr. Ellis to leave. On his way out of the residence, a different brother told Mr. Ellis that he was not welcome at the party. According to Mr. Ellis, while the brothers were pushing him out the door, he got hit on the back of the head. As he was stepping across the threshold, Mr. Ellis heard a bang. Although the front door had closed behind him, Mr. Ellis turned around and fired three shots from his gun into the door. Mr. Ellis testified that he did not direct the shots at any particular individual. Two of the bullets struck one brother in the shoulder and abdomen. He eventually recovered from his injuries. The other brother was uninjured.

The injured brother was considered a victim for one count of attempted first degree extreme indifference murder and first degree assault. The non-injured brother was considered a victim for the second count of attempted first degree extreme indifference murder. Mr. Ellis was also charged with a crime of violence, which is a sentence enhancer under Colorado law. The jury returned

guilty verdicts on all counts. Mr. Ellis was sentenced to consecutive terms of imprisonment on the attempted extreme indifference murder convictions totaling thirty-six years.

The convictions were affirmed by the Colorado Court of Appeals on direct appeal, and the Colorado Supreme Court denied Mr. Ellis's petition for certiorari review. Mr. Ellis then filed a motion for post-conviction relief with the trial court pursuant to Colorado's rules of criminal procedure. The trial court denied his motion, and the appellate court affirmed that denial. The Supreme Court denied Mr. Ellis's request for certiorari review.

Mr. Ellis timely filed a pro se action for habeas corpus relief in the federal district court pursuant to § 2254, on the same grounds raised in his state-court appeals. As due process violations he alleged: (1) the evidence was insufficient to sustain separate convictions for attempted first degree extreme indifference murder; (2) the trial court's misleading and confusing jury instructions regarding self defense; (3) the trial court's use of the jury's guilty verdict on a crime of violence as a sentence enhancer for both attempted first degree extreme indifference murder convictions, when the information contained only one charge of a crime of violence; (4) the prosecution's failure to obtain possession and control of the door through which the gun shots were fired and/or the trial court's refusal to enter an order allowing his lawyer the right to inspect the door; (5) the convictions for attempted first degree extreme indifference murder were based on

a multiplicitous information; (6) the trial court should have granted his motion for a mistrial after a witness blurted out during his testimony that Mr. Ellis may have previously shot someone; and (7) the trial court should not have admitted evidence of his prior bad acts. As a violation of his constitutional right to effective assistance of counsel, Mr. Ellis alleged that his trial lawyer was deficient by failing to explore potential juror misconduct and issue a subpoena for the door through which the gun shots were fired.[1] Last, Mr. Ellis claimed an equal protection violation on the ground that there was no rational basis for distinguishing his conviction for attempted first degree extreme indifference murder involving the victim who was in fact wounded, from the crime of extreme indifference assault, which carries less punishment. Following its review of the merits of his claims, the district court denied Mr. Ellis's request for habeas relief and denied his request for a COA.

---

[1]     In his application for a COA, Mr. Ellis cites for the first time a new instance in which his trial lawyer was constitutionally deficient: "Counsel put Mr. Ellis on the witness stand and ask[ed] him incriminating questions that led to Ellis confessing on the stand that he shot reckless in the house, when his action was direct[ed] at [the brothers]." COA at 11. *See also id.* at 3. Any consideration of this alleged constitutional violation is procedurally barred because it was never raised in his post-trial proceedings. 28 U.S.C. § 2254(b)(1)(A) (providing that a petition for a writ of habeas corpus may not be granted unless "the applicant has exhausted the remedies available in the courts of the State"). *See also Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (holding that to exhaust state court remedies, the applicant must present the issue "to the highest state court, either by direct review of the conviction or in a postconviction attack").

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (ADEPA), a COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Dockins v. Hines*, 374 F.3d 935, 936 (10th Cir. 2004), quoting 28 U.S.C. § 2253(c)(2). In cases such as this where the district court addressed and rejected the constitutional claims on the merits, to obtain a COA Mr. Ellis "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because "ADEPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas [applicant's] request for a COA," *Dockins*, 374 F.3d at 938, we will grant a COA "only if reasonable jurists could debate whether the [applicant] might be eligible for habeas relief – i.e., . . . whether the state court's decision on the merits of the [applicant's] constitutional claim was unreasonable or ran contrary to clearly established federal law," *id*. at 937.

We have carefully examined Mr. Ellis's application and the district court's ruling, and conclude that reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong. For substantially the same reasons set forth in the district court's opinion and order entered July 6, 2010, we DENY Mr. Ellis's application for a COA and DISMISS the appeal.

The district court denied Mr. Ellis's request for to appeal in forma pauperis (IFP), finding that the appeal was not taken in good faith. He has renewed his

IFP request in this court.  Because he has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991), we DENY his application to proceed IFP.

Entered for the Court

John C. Porfilio
Senior Circuit Judge