FILED
United States Court of Appeals
Tenth Circuit

August 21, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BYRON TYROME TODD,

     Petitioner - Appellant,

v.

MATTHEW HANSEN, Warden of
Sterling Correctional Facility; CYNTHIA
COFFMAN, the Attorney General of the
State of Colorado; RICK RAEMISCH,
Executive Director of C.D.O.C.,

     Respondents - Appellees.

No. 18-1190
(D.C. No. 1:17-CV-03130-LTB)
(D. Colo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Applicant Byron Tyrome Todd, a prisoner in the custody of the Colorado

Department of Corrections, seeks a certificate of appealability (COA) to appeal the denial

by the district court of his application for relief under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2253(c)(1)(A) (requiring COA to appeal final order in a habeas proceeding in which the

detention complained of arises out of process issued by a state court). His application

challenged his loss of good-time and earned-time credits and his parole status for refusal

to participate in mandatory sex-offender and drug-treatment programs. The district court

dismissed the application without prejudice for failure to exhaust state remedies. We

decline to grant a COA and dismiss the appeal.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the [application] or that the [applicant] should be allowed to proceed further." *Id.*

The district court generally may not grant a claim for federal habeas relief unless the applicant has exhausted the remedies available in state court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is not satisfied unless the federal claims have been fairly presented "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A "blanket representation" that state remedies have been exhausted does not satisfy this burden. *Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

The district court carefully explained how Applicant had not exhausted his present claims, noting that his only presentation to the Colorado Supreme Court was through petitions for extraordinary writs. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claim not exhausted when "presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor" (internal quotation marks omitted)). Applicant does not argue that the district court's reasoning was incorrect except to state that the district court should have credited the assertion in his application that he has exhausted his state remedies. But the district court should not credit conclusory statements in a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). And it certainly need not credit statements contradicted by court documents of which it can take judicial notice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

No reasonable jurist could debate the correctness of the district court's decision to dismiss the application without prejudice for failure to exhaust state remedies.

**CONCLUSION**

We **DENY** a COA and **DENY** Defendant's motion to proceed in forma pauperis.

Entered for the Court

Harris L Hartz
Circuit Judge

3